IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN ILLINOIS

ALONJE WALTON SR.     )
           )
   **Plaintiff,**    )
           )
 **v.**         )  **CASE NO. 04 C 7718**
           )
**TERRY HILLARD, et al.**    )  **Judge Ronald A. Guzmán**
           )
   **Defendants.**   )

## MEMORANDUM OPINION AND ORDER

Plaintiff is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $5.50. The supervisor of inmate trust accounts at the Cook County Jail is authorized to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $250 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify state correctional authorities of any outstanding balance in the event plaintiff is transferred from the Jail to a state correctional facility.

Plaintiff is currently being detained at Cook County Jail on charges of aggravated criminal

sexual assault. It appears that his criminal proceedings are ongoing. Plaintiff alleges that on September 18, 2003, police officers arrested him without probable cause and without a valid search warrant. He claims that various defendants, in particular, police officers and assistant state's attorneys, have falsified reports, conducted a fake line-up, and undertaken various other actions in order to convict him. Plaintiff seeks compensatory and punitive damages and for the court to conduct a full investigation of the facts in the complaint.

Because plaintiff's criminal case is on going, the court may not interfere with these proceedings, which is what a full investigation of the facts in the complaint might entail. *See Younger v. Harris*, 401 U.S. 37 (1971); *Douglas v City of Jeannette*, 319 U.S. 157 (1943); *Simpson v. Rowan*, 73 F.3d 134, 138-9 (7th Cir. 1995).

It is unclear from the way plaintiff has marked the caption of his complaint whether he is suing Mayor Richard Daley, Superintendent Terry Hilliard, and Deputy Superintendent Phil Cline in their individual or official capacities or both.

An official capacity claim is, in essence, a claim against the governmental entity that employs the defendant. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Chortek v. Milwaukee*, 356 F.3d 740, 748 n.4 (7th Cir. 2004). A local governmental entity is liable for damages only if a plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978) *Chortek*, 356 F.3d at 748.

The Seventh Circuit has determined that a municipality can be said to have violated the rights of a person because of its policy when a widespread practice, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a custom or usage with the force of law." *Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir. 1994)

2

(internal quotation marks and citation omitted). The court has carefully reviewed plaintiff's voluminous complaint and exhibits. Nowhere has plaintiff alleged that either the City of Chicago or the Chicago Police Department had any express policy that caused or contributed to the alleged illegal arrest nor has plaintiff alleged a custom or usage with force of law that caused or condoned the alleged constitutional violations. *See, e.g., Garrison v. Burke*, 165 F.3d 565, 571 (7th Cir. 1999) (collecting cases). Plaintiff's entire complaint focuses on the alleged constitutional violations that occurred in regard to his arrest, which do not signify an official policy causing the alleged constitutional violations. *See Jackson v. Marion County*, 66 F.3d 151, 152 (7th Cir. 1995) (a single act of misconduct will not suffice to show the requisite policy or custom). Mayor Richard Daley, Superintendent Terry Hilliard, and Deputy Superintendent Phil Cline therefore cannot be held liable in their official capacity.

An individual cannot be held liable in a §1983 action unless he caused or participated in the alleged constitutional deprivation. *Vance v. Washington*, 97 F.3d 987, 991 (7th Cir. 1996); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986) (*citing Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). Supervisors and others in authority also cannot be held liable for any alleged wrongdoing on the part of subordinates pursuant to the doctrine of respondeat superior because that doctrine does not apply in §1983 actions. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992); *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Nowhere in the complaint does plaintiff state any personal involvement on the part of Mayor Richard Daley, Superintendent Terry Hilliard, and Deputy Superintendent Phil Cline. They therefore cannot be held liable in their individual capacities or in their official capacity as discussed above. They are accordingly dismissed from this action.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held

that:

> . . . in order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would render
> a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or
> sentence has been reversed on direct appeal, expunged by executive order, declared
> invalid by a state tribunal authorized to make such determination, or called into
> question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254.
> A claim for damages bearing that relationship to a conviction or sentence that has not
> been so invalidated is not cognizable under §1983. . . . .

*Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1997) extended *Heck* to a claim that,

if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge.

Plaintiff alleges that Anthony Kuta is the supervisor who signed the allegedly false police

report. Kuta is dismissed pursuant to *Heck* because the allegedly false police report may implicate

the validity of any future conviction.

Plaintiff claims that Det. Paulnitsky and Det. Edward Farley conspired to frame plaintiff of

the alleged crime. He alleges that Farley participated in a fraudulent line-up, went to the grand jury

to mislead it in order to seek a true bill of indictment. Because these claims could implicate the

validity of any conviction that plaintiff might suffer, they are *Heck* barred. Moreover, plaintiff has

no claim as to the lineup. The procedural safeguards on lineups protect only against admission of

unreliable evidence at trial. These safeguards do not create a constitutional right cognizable under

§ 1983. *See Hensley v. Carey*, 818 F.2d 646 (7th Cir. 1987).

Plaintiff claims that Det. Paulnitsky, P.O. Jermiah Hines, and P.O. Keith Anderson were the

reporting officers in regard to the alleged rape that occurred in January 1997 and for which plaintiff

was not arrested until September 18, 2003. He alleges that they never made an attempt to investigate

plaintiff or to obtain an arrest warrant because of the sparse information available. However, he claims that they have now participated in framing plaintiff for the crime. Claims that these defendants are framing him might implicate the validity of any conviction and are therefore *Heck* barred. Defendants Det. Paulnitsky, P.O. Jermiah Hines, and P.O. Keith Anderson are therefore dismissed from this action.

Plaintiff claims that defendants Richard A. Devine, the State's Attorney of Cook County, ignored his complaints about the conduct of the assistant state's attorneys and that Assistant State's Attorneys Maureen Lynch, Tasha Kelly, Nancy Wilder, and Special Prosecutor under Case No. 03 CR-22081 engaged in various activities in order to charge him with the criminal sexual assault. These claims implicate the validity of any conviction that plaintiff might suffer and are therefore barred under *Heck*. Moreover, prosecutors who act within the scope of their duties in initiating and pursuing a criminal prosecution and in presenting the state's case are absolutely immune from a civil suit for damages under 42 U.S.C. § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Defendants Richard A. Device, Maureen Lynch, Tasha Kelly, Nancy Wilder, and Special Prosecutor under Case No. 03 CR-22081 are therefore dismissed from this action.

This leaves plaintiff's claim that he was arrested without probable cause or a warrant. A false arrest claim "does not inevitably undermine a conviction" because "one can have a successful wrongful arrest claim and still have a perfectly valid conviction." *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir.1996); *Cordero v. Bobko*, 1995 WL 221879 *1 (N.D. Ill., Shadur J.). The court therefore will allow plaintiff to proceed on his illegal arrest claim against defendants Anthony Flowers, Frank Casale, Jr., Anthony W. Borbely, and Gilberto J. Elizondo.

The clerk shall issue summonses for service of the complaint on defendants Anthony

Flowers, Frank Casale, Jr., Anthony W. Borbely, and Gilberto J. Elizondo and attach a Notice of Availability of a Magistrate Judge to the summons for each defendant. The clerk shall also send plaintiff Notice of Availability of a Magistrate Judge and Instructions for Submitting Documents along with a copy of this order. The United States marshals service is appointed to serve defendants. The court directs the marshal to send the necessary USM-285 forms to plaintiff so that he may provide the information necessary for the marshal to serve defendants with process. The marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed.R.Civ.P. 4(d)(2) before attempting personal service on defendants.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the prisoner correspondent. In addition, plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

**SO ORDERED**                **ENTERED:**

**HON. RONALD A. GUZMÁN**

**United States Judge**