MAKE
10 copies

HE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

RECEIVED

AUG 0 2 2005
AUG 0 2 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FILED

SEP 1 4 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ALONJE' WALTON SR.

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Det. Edward Farley Star No. 20643
Det. Paul Nitsky Star No. 20709 Star No. Det. Paul Nitsky Star No. 20709
Det. Anthony W. Borbely 20110
P.O. Anthony Flowers Star No. 11981
P.O. Frank Casale Jr. Star No. 8976
Det. Gilberto Elizondo Star No. 21153
and the City of Chicago

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

Case No: 04 C 7718
(To be supplied by the Clerk of this Court)

JUDGE: Ronald A. Guzman

(AmeNDED
Complaint)

**CHECK ONE ONLY:**

✓ _____    **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
             **U.S. Code** (state, county, or municipal defendants)

_____    **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
           **28 SECTION 1331(a) U.S. Code** (federal defendants)

_____    **OTHER** (cite statute, if known)

***BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR***
***FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.***

**I.** **Plaintiff(s):**

A. Name: ALONJE' WALTON SR

B. List all aliases: Alonso Walton

C. Prisoner identification number: 20030070726

D. Place of present confinement: Cook County Department of Correction

E. Address: P.O. Box 089002-Div. 11 AG Chicago, IL. 60608

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

**II.** **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: Edward Farley Star No. 20643

Title: Detective

Place of Employment: 5100 S. Wentworth

B. Defendant: Anthony W. Borbely Star No. 21118

Title: Detective

Place of Employment: 5100 S. Wentworth

C. Defendant: Gilberto Elizondo Star No. 21153

Title: Detective

Place of Employment: 5100 S. Wentworth

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

# I. Defendant(s):

(In A below, place the full name of the first defendant in the first blank His or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A. Defendant: Anthony Flowers Star No. 11981
   Title: Police Officer
   Place of Employment: 5100 S. Wentworth

B. Defendant: FRANK CASALE Jr. Star No. 8976
   Title: Police officer
   Place of Employment: 5100 S. Wentworth

C. Defendant: City of Chicago mayor Richard Daley
   Title: mayor of the city
   Place of Employment: City Hall

D. Defendant: Det. Paulnitsky Star No. 20709
   Title: ~~Officer~~ Detective
   Place: 5100 S. Wentworth

## III. Exhaustion of Administrative Remedies

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A. Is there a grievance procedure available at your institution?

   YES ( ) NO (✓) If there is no grievance procedure, skip to F.

B. Have you filed a grievance concerning the facts in this complaint?

   YES ( ) NO ( )

C. If your answer is **YES**:

   1. What steps did you take?

   _____

   _____

   _____

   2. What was the result?

   _____

   _____

   _____

   3. If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)

   _____

   _____

   _____

D. If your answer is **NO**, explain why not:

   _____

   _____

   _____

E.  Is the grievance procedure now completed?  YES ( )  NO ( )

F.  If there is no grievance procedure in the institution, did you complain to authorities?  YES (✓)  NO ( )

G.  If your answer is **YES**:

1.  What steps did you take?

Wrote A complaint to office OF Professional Standards At 10 W. 35th St. 12 Floor In Chicago, IL 60616 against the Allege officers who violated my constitutional Rights and Asked For An Investigation on The officers misconduct, Dated Jan. 04, 2004

2.  What was the result?

Didn't received A response from the first Complaint Dated Jan. 04, 2004 So I Submitted Another letter Dated Feb 8, 2004 and still Didn't received A response Until April or May of 2005, and file A complaint with their office At 3510 S. michignn, Investigation is Under Way Against officers; Det. Anthony W. Barbely, P.O. Anthony Flowers, P.O. Frank CASALE Jr, Det. Gilberto Elizondo, But Investigators Did Not File a Complaint Against Det. Edward Farley → Still pending

H.  If your answer is **NO**, explain why not: Det. Paulitsky ← Investigation :

_____

_____

_____

_____

**IV.** List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A. Name of case and docket number: (1) O2 NC 33888 / (2) 03C936

B. Approximate date of filing lawsuit: (1) 02/14/2002 / (2) Feb. 7, 2003

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: (1) ALONJE & (2) WALTON / ALONJE WALTON

D. List all defendants: (1) Fair Play, Inc. / (2) I.D.O.C, etnl.,

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): (1) Don't Know had A lawyer to settle claim, Workers Compensation Case / (2) United States, District Court Northern District of Illinois Eastern Division

F. Name of judge to whom case was assigned: (1) ? / (2) Judge Lind berg & magistrate. Judge levin

G. Basic claim made: (1) Workers Compensation Claim / (2) Violating of 4 & 14 Amendment Right and Unlawful Arrest and/or Detention

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?) (1) Settled / (2) Settled

H. Approximate date of disposition: (1) Nov. 7 2003 / (2) Jan. 23, 2004

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

cont on next pg. 5A.

IV. list All lawsuits you (and your co-plaintiff, If Any) have Filed in any state or Federal court (including the Central and Southern District of Illinois):

A. Name of case and docket number: ③ ? HAD A lawyer Evans, Friends, Square ④ ?

B. Approximate Date of Filing lawsuit: ③ 1996 ? ④ 1999

C. list all plaintiffs (if you had co-plaintiffs), including any Aliases: ③ Alonje' Walton ④ ~~Allons~~ Alonse' Walton

D. List all Defendants: ③ ? ④ Ms. Niomn etal C.C.D.O.C.

E. Court in which the lawsuit was Filed (if Federal court, name the District; if state court, name the County). ③ ? ④ United States District Court Northern District of Illinois Eastern Division

F. Name of judge to whom case was Assigned: ③ ? ④ Judge Racoras

G. Basic claim made: ③ Car Accident ④ ? Forgot

H. Disposition of this case (For example: Was the case dismissed? Was it Appealed? Is it still pending?). ③ Dismissed, No Appeal not Pending ④ Case Dismissed, No Appeal

H. Approximate Date of Disposition: ③ ? Forgot ④ MAy 2000

cont. on Next Pg.
5C

Pg. 5b

**IV.** List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

**A.** Name of case and docket number: ⑤ illegal Arrest 04C7718

**B.** Approximate date of filing lawsuit: November 23, 2004

**C.** List all plaintiffs (if you had co-plaintiffs), including any aliases: ALONJE WALTON SR 2003-0070726

**D.** List all defendants: Det. Anthony W. Borbely, P.O. Anthony Flowers, P.O. Frank Chsale Jr., Det. Gilberto Elizondo

**E.** Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): United States District Court Northern District of Illinois Eastern Division

**F.** Name of judge to whom case was assigned: Judge Guzman

**G.** Basic claim made: Plaintiff Alleges that His Fourth & Fourteenth Amendment Right was violated from an illegal arrest without a valid arrest warrant.

**H.** Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Case still pending

**H.** Approximate date of disposition: N/A

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

**V.** **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1). This is AN Amended Complaint Action for monetary Damages brought pursuant to 42 U.S.C. § 1983, and the Fourth (4) and Fourteenth(14) Amendments to the United States Constitution, Against Det. Edward Farley 20643, Det. Paul-Nitsky 20709 Star No., Det. Anthony W. Barbely 20110 Star No., P.O. Anthony Flowers 11981 Star No., P.O. — Frank Casale Jr. 8976 Star No., and Det. Gilberto Elizondo 21153 Star No., Of the City of Chicago in their individual capacities and against the City of Chicago, In their official capacity. Jurisdiction is based upon Title 42 Section 1983 U.S. code (state, county, or municipal defendants) of this court to Entertain claims Arising under state Law.

2). It is Alleged that the individual police defendants made AN Unreas-onable search & Seizure of Privacy of ALONJE' Wolten Sr., violating his rights under the Fourth (4th) and Fourteenth (14th) Amendments to the United States constitution, and that these Defendants participated Along with Det. Edward Farley 20643 Star No., and Det. Paul-Nitsky 20709 Star No., IN Acts to Deprive plaintiff of Life, Liberty, or property, without DUE Process of Law To illegally Det-ain / False Arrest In A seizure of A buccal swab, Which is In Intrusion in person —

At privacy, without a valid Arrest/Search warrant, stating the items to be search and/or seized, as well as, but not limited to securing a conviction secured upon the basis of illegally seized evidence. It is further alleged that these violations and torts were committed as a result of policies, practices, and customs of usage of force of LAW the City of Chicago.      "Parties"

3). ALONJE WALTON SR., was at material times a residant of Chicago, Illinois, and of full age.

4). Defendant officers were at all times relevant to this complaint duly appointed and acting officers of the police Department of the City of Chicago, acting under color of state law, to wit: under color of the Statutes, ordinances, regulations, policies, practices, customs and usages of the City of Chicago.

5). The City of Chicago, Illinois, is a municipal corporation and the Public Employer of the said officers.

Facts

6). On Sept. 18, 2003, at approximately at 10:15 a.m - 10:30 a.m, Defendants Police Det. Anthony Borbely, P.O. Anthony Flower, P.O. Frank Casink Jr., and Det. Gilberto Elizondo, of the City of Chicago Police Department; Area 7 mission Team, came to the location of 6730 S. Paulina St., 2Fl. rear In Chicago, and mislead the Plaintiff of their mission to make an Arrest as Directed by Det. Edward Farley of the City of Chicago Police Department. —
   (see Exhibit B)

). As plaintiff responded to the knock on the door, Defendant police officer Anthony Flowers stated ARE YOU ALONJE' WALTON.

). After plaintiff responded to Defendant police officer request if plaintiff was ALONJE' WALTON, Defendant police officer Anthony Flowers stated; "We need for you to come down to the Police Station at 51st Wentworth, We are picking up All Sex Offenders to get D.N.A. from Them, and we will bring you back home after you get through, you Are Not in Any trouble, So you Don't have to worry About Anything. ("Emphasis Added")

). Shortly thereafter plaintiff replied; "Do I Need A Lawyer", and once Again It was stated by the Defendant Police Officer Anthony Flowers that, "You Are Not In Any trouble"! ("Emphasis Added")

). Plaintiff complied with this command and proceeded with the Defendant Police Officers, down to 51st Police Station headquarters in chicago. The Defendant officers never read Plaintiff his miranda rights At Any time, During the course of their misconduct, and the Defendant officers committed improper acts before/After plaintiff proceeded with the officers without Probable cause, or Arrest/Search Warrant.

). AT NO (4) Time Did Plaintiff believe that he was being Arrested, or been Deprived his Liberty, Life, or Property. After Proceeding to 51st Police headquarters with Defendant officers. Fourth (4) & Fourth (14) Amending Right, unreasonable Arrest/search and seizure of Privacy.

). Plaintiff Furthermore Believed that the Defendants Police officers, came to his Arrest/ resident, To Pick up All Sex Offenders to get D.N.A. because of their policies, Practices, customs of the City of Chicago. Probation rule of the Illinois Sex Offender Registration Act. (SEE exhibit "(")

). Defendant Police officers, were Never In Any Posession of An Arrest/Search Warrant, Requesting particularly Describing The Place To Be Search, and the Persons or things to be Seized.

8.

14). Plaintiff Arrived At 51st Police station Headquarters, while Escorted By said officers Area 1 mission Team and was Directed upstairs to the Detective Division, where he was DETAINED.

15). During the time Plaintiff was in custody At the 51st Police station Headquarters Detective Division, Det. Paulnitsky the Defendant Det. officer followed AND STATED that ON Jan. 28, 1997, that you ALONJE WALTON had committed the OFFENSE OF Aggravated Criminal Sexual Assault UPON LADONNA Beck.

16). DEFendant Detective officer Paulnitsky went on to say that LADONNA Beck is Down here right Now To pick you OUT As her Allege Assailant.

17). Then Plaintiff Alonje WALTON STATED; that he DID NOT Do such crime UPON Anyone, AND I want to speak with A LAWYER.

18). ONCE Plaintiff requested counsel, It was DENIED. Then Detective Paulnitsky STATED that the Asst. States Attorney has been CALL AND they will Talk to you, then lEFT the room.

19). AFTER 30 min. To AN hour, ANother Detective cAME into the room Name DEFendant Det. Edward Farley, and Plaintiff begiN To TEll that Det. Edward Farley that on Jan. 28, 1997, that Plaintiff was in A Wheel chair and couldn't have been the Allege OFFENDER To commit such OFFENSE.

20). Then Det. Edward Farley stated; IF you Didn't Do this crime Do you want to take A buccal SWAP sample To PROVE your innosence.

xx. by ~~Plaintiff~~ said yes, then After it was stated to Plaintiff by Defendant
Det. Edward Farley stated that he was going to call the Technican to conduct
the buccal Swab Sample.

22). Defendant Det. Edward Farley stated to plaintiff about A Line up, So Plaintiff
Proceeded down to the Line-up View Area.

23). Plaintiff Allegedly was picked out the Line up, Photographed, and gave the
Buccal Swab to the Tech Nican on his Arrival.

1). Plaintiff was then placed down stairs into Central Lock-up without speaking
With Any Asst. States Attorney, Still Not charged, But was C/I pending Investi-
gation.

25). Plaintiff gave mug-shot, and was Finger Printed and Place Into A holding
Cell without getting my one phone call As require.

26). ON Sept. 19, 2003 At 11:30 A.m-11:45 A.m, Defendant police officer Det. Edward
Farley, then charged plaintiff, and Transported plaintiff over for Proceeding At
26th California.

27). AT No Time, or Any time During the events described above was Plaintiff
In violation of Any law At the time of Said Arrest.

28) moreover, That the Arrest/search and seize described Above were illegal,
And were without probable cause or reasonable suspicion that Plaintiff had
violated the law and were In violation of Plaintiff Amendment rights
Under the Fourth, Fifth, Sixth An Fourteenth Amendments to the Constitution
of the United States and the Illinois Constitution (1970), Article I, Section
2, 6, 9, and 10.

29) The Defendant police Det. Edward Farley, had No warrant for the Arrest, or
Search and Seizure Describing the things to be seized, No probable cause for the
Arrest of the plaintiff and No legal cause or excuse to seize the person and
Intrude the privacy of A buccal Swab ~~Sample~~ of the plaintiff. The Defendants
Det. Edward Farley committed improper Acts before and After Arresting Plain-
Tiff without Probable cause, invitation the Arrest, Filling out False Police Report,
giving Perjured Testimony At the grand Jury. State that Plaintiff was
Picked out the D.N.A. Data Base, As A Codis Hit. (See Exhibit F)

10.

## V.    Statement of Claim:

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

30). At all times during the events described above, The Defendants Police officers were engaged in a joint venture, The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

31). The arrest of the Plaintiff was based on CODIS D.N.A. "hit" by The Illinois State Police (ISP) crime lab and characterized as a "match" by Det. Edward Farley of the Chicago Police Department. (See Exhibit "F")

32) However, the actual report dated September 14, 2000, ISP Forensic Scientist Mary Greer-Ritzheimer states that the Plaintiff "may" Be the Donor of the biological material identified In the vaginal swabs of Ms. Beck CSA kit. The ISP Report specifically requests that An "additional blood standard" from the "Plaintiff" will be necessary for confirmatory analysis (emphasis added) (see Exhibit D&E)

33). that such a Preliminary report from the ISP is insufficient to establish Probable cause for the Plaintiff Arrest, and the Invasion of Privacy which searched & seized a buccal swab.

34) The Defendant Detective Edward Farley, iniatiated the Arrest /court proceedings by Filing a false Police Report, and giving perjured Testimony before the grand Jury that his investigation further show that the semen recovered from that

## V. Statement of Claim:

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Sexual Assault Kit was tested, and that the D.N.A. was run, and that the Semen in that sexual Assault Kit matched the D.N.A. of Alonje' Walton. As well as, but not Limited Too, Knowly and willing wanton File an inaccurate arrest report and had Knowingly offered inaccurate testimony About the Arrest. (See exhibit A) & F

35). moreover, The Defendant Det. Edward Farley Never explained to the Plaintiff that the Plaintiff had A Right to Refuse the buccal swab, He Just Proceeded with his Unlawful misconduct to retrieve such buccal swab.

36) ONE OF The conspirators defendant police officer Anthony Flowers Also gave Inaccurate/Perjured Testimony At A hearing To Quash Arrest (see Exhibit B).

37). As a direct and proximate result of the said acts of the defendants officers, the plaintiff Alonje' Walton Sr. suffered the following injuries and Damages:

(a) Violation of his constitutional rights under the Fourth (4) and Fourteeth (14) Amendments to the United States Constitution to be free from An Unreasonable Search and Seizure of his person & Privacy of Life and Civil Liberty.

(b) Loss of his physical liberty For 22 mos. and so on

(c) Physical and Emotional trauma and suffering requiring the Expenditure of money For treatment. Because plaintiff was tricked believing He had To go to the 51st Police Station, because the defendant officers

StateD; We Are picking up All sex offenders To get D.N.A. And that you re not In Any trouble.

7) Any And All Loses that plointiff might suffer From the Loss oF his property ental Section 8 voucher etc. And Any Expenses which was spent, such As: Lawyer Fee (criminal case) (commINsAry - Etc)

58) The Actions of the defendant officers violateb the Following clearly stablished and Well Settled Federal constitutional rights of Alonj e'WaltanSe.

A) Freedom From The right of the people to be secure In their persons, houses, apers and Effects, against unreasonable searches and Seizure, As well As, but vot Limited Too, - Privacy, Shall Not be violateb and No warrants shall ssue, but Upon probable cause, supported by oath or Affirmation and articularly describing the place to be Searched, and the persons or things o be Seized.

B) Freedom From the use of Administrative office or misconduct, uneasonable and UnJustified Force of office Against his person, with the Isage and Force of Law.

13.

## Count I - 42 U.S.C. 1983 Against Individual Defendants

9. Paragraphs 1 through 38 are incorporated herein by reference as though fully set forth.

9. Plaintiff, ALONJE'WALTON, claims damages for the injuries set forth above under 42 U.S.C. §1983 against Defendants Officers, Det. Edward Farley, Det. Paulnitsky, Det. Anthony Borbely, P.O. Anthony Flowers, P.O. Frank Casale Jr., Det. Gilberto Elizondo, for violation of Plaintiff constitutional rights under color of state law.

## Count II - 1983 Search & Seizure Claim

1. Paragraphs 1 through 38 are incorporated herein by reference as though fully set forth.

2. Defendants Officers, Det. Edward Farley, Det. Paulnitsky, Det. Anthony Borbely, P.O. Anthony Flowers, P.O. Frank Casale Jr., Det. Gilberto Elizondo, violated Plaintiff Constitution Rights under our State and Federal, Fourth(4) & Fourteenth(14) Describe' The right of the people to be secured in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person, or thing to be seized, & Privacy of Life and Civil Liberty.

3. As a result of this search & seizure, Plaintiff ALONJE'WALTON Sr., suffered damages / was injured as aforesaid.

## Count III - 1983 Conspiracy Claim

14. Paragraphs 1 through 38 are incorporated herein by reference as Though fully set forth.

15. Defendants Officers, Det. Edward Farley, Det. Paulnitsky, Det. Anthony Borbely, P.O. Anthony Flowers, P.O. Frank Casale Jr., Det. Gilberto Elizondo, were engaged in a joint venture, these individual defendants officers assisted each other in performing the various actions described and lent their —

14.

... pressure and support, and the authority of their office to each other during the said events, which was unlawful.

6. As a result of this conspiracy, Plaintiff Alonje' Walton, Sr., suffered damages/was injured as aforesaid.

## Count IV — 1983 Illegally Detention / False Arrest

17. Paragraphs 1 through 38 are incorporated herein by reference as though fully set forth.

18. Defendants officers, Det. Edward Farley, Det. Paulnitsky, Det. Anthony Borbely, P.O. Anthony Flowers, P.O. Frank Casale Jr., Det. Gilberto Elizondo, illegally Detain/False Arrest Plaintiff without a valid arrest/search warrant, violating Plaintiff constitutional Rights under our Fourth (4) & Fourteenth Amendment Rights, Person, houses, Paper and Effect, against unreasonable searches and seizures, Describing the place to be searched, and the persons or things to be seized.

19. As a result of this Illegally Detention / False Arrest, the plaintiff suffered the Damages, Injured as aforesaid.

## Count V — 1983 Monell Policy Claim

20. Paragraphs 1 through 38 are incorporated herein by reference as though fully set forth.

21. Defendants officers, Det. Edward Farley, Det. Paulnitsky, Det. Anthony Borbely, P.O. Anthony Flowers, P.O. Frank Casale Jr., Det. Gilberto Elizondo, and the City of Chicago, Plaintiff Alonje' Walton Sr., states a claim alleging that his search and seizure of Privacy was violated, the conspiracy of Defendant officers, Illegal Detention, were allegedly caused by the City of Chicago's policies, practices, and customs. Plaintiff also alleges that the City's policies, practices and customs of failing to properly hire, train, supervise, discipline, counsel and control, and the "Code of Silence" caused injury to plaintiff because the officer defendants had reason to believe that their misconduct would not be revealed or reported by other officers and that their

15

DENIALS OF wrong doing would go unchallenged by their supervisors.

12. AS A result of this City's policies, practices, and customs OF failing to Properly hire, train, supervise, discipline, counsel and control, and the "code OF silence", the Plaintiff suffered Damages / and caused injury to plaintiff AS AforeSaiD.

Count VI — 42 U.S.C. § 1983 Against City of Chicago
13. Paragraphs 1 through 38 are incorporated herein by reference as though Fully set forth.

4. Prior to September 18, 2003, the City OF Chicago developed and maintained policies, Practices, or customs Exhibiting deliberate indifference to the constitutional rights OF persons in Chicago, which caused the violation OF Plaintiff constitutional rights.

5. It was the policy, Practices, and/or Customs of the City of Chicago, to inadequately and improperly investigate citizen complaints OF Police misconduct, and Acts OF misconduct, were instead tolerated by the city OF Chicago, including, but Not limited to, the following incidents:
a. [plaintiff may, but is not required to, list such prior incidents - As may be known to him]

5. It was the policy, Practices and/or custom OF the City of Chicago, to inadequately supervise and train its Police officers, including

16.

The DEFendant officers, thereby failing to Adequately discourage further constitutional violations on the part of its police officers. The City did not require Appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

59. As A result of the Above described policies, customs and/or practices, police officers of the City of Chicago, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers, and that misconduct would not be investigated or sanctioned, but would be tolerated, and the plaintiff was Injured.

3. The Above Described policies, customs, and/or Practices demonstrated deliberate indifference on the part of Policy makers of the city of Chicago, to the constitutional rights of persons within the city, and were the cause of the Violations of plaintiff rights alleged herein.

Alonzi Walton
I.D# 20030070726
ALONJE Walton
I.D# 20030070726
P.O. Box 089002 Div. 11 Ag
Chicago, IL. 60608

17

"Exhibits"

1    IN RE:   PEOPLE VS. ALONJE WALTON

2

3                        SGJ# 2574
                         ARR. DATE: 10-22-03
4                        03 CR 22081

A

5

6        BEFORE THE SPECIAL GRAND JURY OF COOK COUNTY,

7                                         Det. Edward
                                     Farley Star No.
8                    SEPTEMBER, 2003          20643

9                                     Perjury Testimony
                                     Before the Grand Jury.

10

11

12             TRANSCRIPT OF TESTIMONY TAKEN IN THE

13    ABOVE-ENTITLED MATTER ON THE 1ST DAY OF OCTOBER,

14    A.D., 2003.

15

16

17           PRESENT:   MS. NANCY WILDER
                        ASSISTANT STATE'S ATTORNEY
18

19              REPORTED BY DEBORAH E. DeSANTO
                CERTIFIED SHORTHAND REPORTER
20              ILLINOIS LICENSE NO. 084-1384

21

     LIST OF WITNESSES:
22

23   DETECTIVE FARLEY

24

1          THE FOREPERSON:  Would you raise your

2     right hand, please.

3               (Witness Duly Sworn.)

4          MS. WILDER:  Good morning, ladies and

5     gentlemen.  My name is Nancy Wilder.  I'm an

6     Assistant State's Attorney in the Sex Crimes Unit

7     of the Cook County State's Attorney's Office.

8          In September 2574 the State is seeking a

9     True Bill against Alonje Walton for the offenses

10    of aggravated criminal sexual assault, aggravated

11    kidnapping, and kidnapping, which occurred on or

12    about the date of January 28, 1997, in the

13    vicinity of the 7300 block of south Harvard in the

14    City of Chicago.

15         The Grand Jury has the right to subpoena

16    and question any person against whom the State's

17    Attorney is seeking a Bill of Indictment, or any

18    other person, and to obtain and examine any

19    documents or transcripts relevant to the matter

20    being prosecuted by the State's Attorney.

21         At this time I ask leave to call

22    Detective Farley.

23              DETECTIVE FARLEY,

24    called as a witness herein, being first duly

1   sworn, was examined and testified as follows:

2                        EXAMINATION

3   BY MS. WILDER:

4        Q.   Detective, please state your name, give

5   your unit of assignment and your star number,

6   please.

7        A.   I'm Detective Edward Farley, F-a-r-l-e-y.

8   My star is 20643, and I'm currently assigned to

9   Area 1, Homicide.

10       Q.   Detective Farley, you have been sworn

11  to tell the truth in this case, is that correct?

12       A.   Yes.

13       Q.   Okay.  And in the course of your

14  employment as an Area 1 detective, were you

15  assigned to the investigation of an aggravated

16  criminal sexual assault that happened in

17  January of 1997 involving the victim LaDonna

18  Beck?

19       A.   Yes.

20       Q.   And in the course of your investigation,

21  did you determine that LaDonna Beck on

22  January 28th of 1997 was walking to the store

23  in the vicinity of 73rd and Harvard in the

24  City of Chicago, County of Cook, State of

1    Illinois?

2       A.   Yes.

3       Q.   Did your investigation further show that

4    Alonje Walton forced LaDonna Beck into an

5    abandoned building where he hit her in the head

6    and knocked -- excuse me, where he hit her,

7    pointed an object at her at that time which she

8    thought was either a gun or a knife, and forced

9    her to have vaginal intercourse with him?

10       A.   Yes.

11       Q.   Your investigation further showed that

12    contrary to the wishes of LaDonna Beck, Alonje

13    Walton put his penis in her vagina?

14       A.   Yes.

15       Q.   And did your investigation further show

16    that LaDonna Beck went to a hospital, at which

17    time a sexual assault kit was taken from her?

18       A.   Yes.

_Exhibit_

19       Q.   And did your investigation further show

20    that the semen recovered from that sexual assault

21    kit was tested, and that the DNA was run, and that

22    the semen in that sexual assault kit matched the

23    DNA of Alonje Walton?

24       A.   Yes.

1    Q.   And did your investigation show that all

2    of this occurred in the City of Chicago, County of

3    Cook, State of Illinois?

4        A.   Yes.

5        Q.   And did your investigation show that

6    LaDonna Beck did not agree to go from the street

7    into the abandoned building where Alonje Walton

8    dragged her?

9        A.   Yes.

10           MS. WILDER:   That's all.

11           THE FOREPERSON:   Are there any other

12   questions from the Grand Jury?

13                (No Response.)

14           THE FOREPERSON:   The witness is excused.

15                (Witness Excused.)

16                Whereupon the Grand Jury

17                was left alone to

18                deliberate, after which the

19                following proceedings

20                were had:

21           THE FOREPERSON:   True Bill.

22                Whereupon the above

23                entitled cause was

24                continued for arraignment



| | |
|---|---|
| 1 | before the Presiding |
| 2 | Judge of the Criminal |
| 3 | Division. |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |

STATE OF ILLINOIS)
                 ) SS:
COUNTY OF C O O K)




          I, Deborah E. DeSanto, a Certified

Shorthand Reporter licensed to practice in the

State of Illinois, do hereby certify that I

reported in shorthand the proceedings had in the

hearing of the above-entitled cause; that I

thereafter caused the foregoing to be transcribed

into typewriting, which I hereby certify is a true

and accurate transcript of the proceedings had

before the Grand Jury of Cook County.




          _Deborah E. DeSanto_
          Deborah E. DeSanto, CSR

7

1   STATE OF ILLINOIS )

                      ) ss

2   COUNTY OF C O O K )                    (( Exhibits ))

3           IN THE CIRCUIT COURT OF COOK COUNTY
            COUNTY DEPARTMENT - CRIMINAL DIVISION

4

    THE PEOPLE OF THE )

5   STATE OF ILLINOIS )                              B

                      )   Case No. 03-CR-22081  Anthony Flowers

6       vs.           )                         P.O. Edward Farley

                      )                         Star No. 11981 (perjury)

7   ALONJE WALTON     )

8           REPORT   OF   PROCEEDINGS       Testimony At A
                                            Hearing To Suppress

9           BE IT REMEMBERED that on the 18th day of

10  August, 2004, this cause came on for hearing before the

11  Honorable JAMES D. EGAN, Judge of said Court, upon the

12  information herein, the defendant having entered a plea

13  of not guilty.

14          APPEARANCES:
                HON. RICHARD A. DEVINE,
15              State's Attorney of Cook County, by
                MR. PAUL CHEVLIN,
16              Assistant State's Attorney,
                Appeared on behalf of the People;
17
                MR. ALONJE WALTON,
18
                Appeared Pro Se.
19

20  Gwendolyn Clark
    Official Court Reporter
21  Circuit Court of Cook County
    County Department-Criminal Division.

22  ONE of the conspirators          Name Anthony Flowers

23  The defendant police officer also gave perjured

24  Testimony At A hearing To QUASH Arrest and suppress
    Evidence Illegally Obtain seized. (see Exhibit B)

1

THE CLERK: Alonje Walton.

THE COURT: Mr. Walton is present.

MR. CHEVLIN: It is set for motions. The defendant requested detectives and arresting officers. We have the detectives here, one of the arresting officers. He also requested the presence of the victim who he did not subpoena.

We would be objecting to the calling of the victim as a witness on a motion to quash arrest, Judge.

As an offer of proof, our arresting officers had no contact with the victim. This is a criminal sexual assault which occurred 5 and a half, 6 years prior to the defendant's arrest based on a CODIS hit. I don't believe it's appropriate to call the victim.

That being said, Judge, we would be ready to proceed with the motion today.

MR. WALTON: The officer who allegedly claim that the defendant had committed this crime of criminal sexual assault case testified at the grand jury that the defendant was positively ID'd in the line-up. At this time, your Honor, he also stated in the police report that a defendant was also allegedly picked out of a line-up. Through the course of that actions there was then where probable cause had existed from the

1  officers.

2         At that time, your Honor, the defendant's
3  constitutional rights has been violated for 6th
4  Amendment, and at this time, your Honor, the defendant
5  states that without jurisdiction that the state's
6  attorney is committing prosecutorial misconduct by
7  going to the grand jury without jurisdiction to hear
8  the proceedings and they found preliminary complaints.
9  Judge never signed it.

10        At this time they stated that the officers
11  had retrieved this information through a CODIS hit.  By
12  the time, your Honor, there was never been an
13  investigation acquired.  There was never been an arrest
14  warrant.  But at this time they using this person to
15  say that a crime has been committed, that I was
16  positively ID'd in the line-up.  And it would be great
17  prejudice toward the defendant not to have the alleged
18  victim here to proceed with this motion.  That's a
19  violation of my 6th Amendment right.

20        But after the rights of an indictment, the
21  accused have a right to cross-examine the witness that
22  they have against me.

23     THE COURT:  I agree they have a right to
24  cross-examine the witness.  That's a trial.  This is a

1 pretrial motion. The motion is if they had enough

2 evidence to place you under arrest. They have

3 information from the police officers. The witness need

4 not come in here.

5 MR. WALTON: Before the Court can acquire a

6 criminal case, the accused must be charged by a crime

7 of a formal and sufficient accusation, and there can be

8 no trial conviction or punishment for a crime without a

9 formal and sufficient accusation.

10 They said the preliminary complaint is the

11 formal accusation. The courts has gave leave for the

12 state to actually file a complaint.

13 THE COURT: Grand jury has found -- has delivered

14 a True Bill; that's why you are here before me. It's a

15 grand jury indictment; so there has been a finding on

16 that. So that's where we're at at this point.

17 You filed a pretrial motion. If you wish to

18 represent yourself, you can. The motion is not

19 something the victim comes in. They come in at trial

20 to testify.

21 MR. WALTON: I'd like to proceed with this motion.

22 THE COURT: All right. Who do you wish to call?

23 MR. WALTON: I'd like to call first Edward Farley.

24 THE COURT: Let's finish the call and we will get

4

1    into this motion.

2         MR. WALTON:  Yes.

3         THE COURT:  Pass.

4              (Whereupon the case was passed.)

5         THE CLERK:  Alonje Walton.

6         THE COURT:  Mr. Walton, who did you say you want

7    to call as your first witness?

8         MR. WALTON:  Before we bring out the officers, can

9    I receive a copy of the grand jury indictment?

10        THE COURT:  You don't have a copy?

11        MR. WALTON:  I had sent my discovery and

12   indictment papers, I gave an attorney Sternberg back in

13   March which he said he was going to represent me, but

14   as I had to ask him for a pack, he hasn't gave it back

15   to me at this time; so we need a copy of the grand jury

16   indictment.

17        THE COURT:  Here is a copy in the file.

18        MR. WALTON:  Thank you.

19        THE COURT:  You can have a seat at counsel table.

20              (Witness was sworn.)

21              DETECTIVE ANTHONY FLOWERS,

22   called as a witness on behalf of the People of the

23   State of Illinois, having been first duly sworn, was

24   examined and testified as follows:

5

DIRECT EXAMINATION

BY MR. WALTON:

Q    Officer, could you state your name for the record and place of employment?

A    Officer Anthony Flowers, Area 1 Detective Division.

Q    Can you recall on September the 18, 2003 what was your assignment?

A    I was assigned to the detective division, Area 1 mission team.

Q    You were assigned to Area 1 mission team. At that time was you directed to the location of 6730 South Paulina, second floor rear?

A    Yes, I was.

Q    And did you have a valid arrest warrant?

A    I didn't have an arrest warrant, no, sir.

Q    And at that time did you state to the defendant your alleged mission?

A    Could you repeat that?

Q    Did you state to the defendant your alleged mission?

A    Yes.

Q    And could you state to the court what did you inform the defendant of?

1      A    That the person who I was sent to that

2 location for was going to be placed under arrest.

3      Q    For what?

4      A    Criminal sexual -- aggravated criminal sexual

5 assault.

6      Q    Now at that time did you advise the defendant

7 that he was not in any trouble; that you had came to

8 the location to pick up all sex offenders to get DNA?

9      A    Could you say that again?

10      MR. CHEVLIN:  Object to relevance.

11      THE COURT:  I will allow you to repeat the

12 question.

13      MR. WALTON:

14      Q    Did you advise the defendant at the time that

15 you are picking up all sex offenders to get DNA?

16      A    No.

17      Q    So you never stated that you, Alonje Walton,

18 we're picking up all sex offenders to get DNA and you

19 are not in any trouble?

20      A    No.

21      Q    And could you tell the Court at that time

22 when you exit the location of 6730, what was the

23 defendant doing?

24      A    When we left that location, what were you

1  doing.

2      Q      When you arrived at the location, what was

3  the defendant doing at that time?

4      A      I don't recall what you were doing.

5      Q      Isn't it true that the defendant was on the

6  telephone?

7      A      No, I don't recall.

8      Q      So you're saying that the defendant was never

9  on the telephone when you answered the door at 6730

10  South Paulina, second floor rear?

11      A      I'm saying I don't recall what you were doing

12  when we got there.

13      Q      Did you ever place the defendant under

14  arrest?

15      A      Yes.

16      Q      At that time you advised him of his Miranda

17  warnings?

18      MR. CHEVLIN:  Objection.  There's no motion to

19  suppress statements.

20      THE COURT:  Objection will be sustained.

21      MR. WALTON:  Your Honor, at this motion I have is

22  motion to quash arrest and suppress the evidence.

23      THE COURT:  The motion to quash the arrest is the

24  arrest.  After that, it's a bad arrest and your

1  evidence will not be proper.  After the arrest you are

2  finished on your motion.

3      MR. WALTON:  There's no further questions at this

4  time.

5      THE COURT:  State.

6              CROSS-EXAMINATION

7          BY MR. CHEVLIN:

8      Q    Now, officer, back on September 18, 2003 at

9  around 10:30 in the morning, you were given a mission

10  by Detective Farley, correct?

11     A    Yes.

12     Q    What was that mission that you were given by

13  Detective Farley?

14     A    To go to 6730 South Paulina and pick up an

15  individual by the name of Alonje Walton.

16     Q    And why did you go there to pick him up?

17     A    Mr. Walton is a registered sex offender and

18  his DNA came back positive as a person who had

19  committed a criminal sexual assault on a victim, and I

20  was sent there to place him under arrest.

21     Q    And you went to 6730 South Paulina and saw

22  the defendant there, correct?

23     A    Yes.

24     Q    Could you point to him in court for the

1  record?

2      A    The gentleman over to my right with the

3  Department of Corrections uniform on.

4      MR. CHEVLIN:  Your Honor, may the record reflect

5  in-court identification of the defendant?

6      THE COURT:  The record may so reflect.

7      MR. CHEVLIN:

8      Q    Prior to placing the defendant under arrest,

9  you knew that there had been a prior criminal sexual

10 assault, correct?

11     A    Yes, sir.

12     Q    And you also knew the name of the victim of

13 that criminal sexual assault, correct?

14     A    Yes.

15     Q    And that was one Ms. Ladonna Beck?

16     A    Yes.

17     Q    You knew that criminal sexual assault had

18 taken place back on January 28th of 1997, correct?

19     A    Yes.

20     Q    And you learned prior to placing the

21 defendant under arrest from Detective Farley that while

22 the defendant was in the custody of the Department of

23 Corrections, he had a DNA sample taken from him,

24 correct?

1    A    Yes.

2    Q    And prior to placing the defendant under

3  arrest, you learned that the DNA sample taken from the

4  defendant in the Department of Corrections matched a

5  DNA sample taken from the victim Ladonna Beck in that

6  criminal sexual assault, correct?

7    A    Yes.

8    MR. CHEVLIN:  No further questions, Judge.

9    THE COURT:  Are there any further questions of the

10  officer.

11    MR. WALTON:  Yes, sir.

12             REDIRECT EXAMINATION

13             BY MR. WALTON:

14    Q    Now, Detective, you stated that you came to

15  the location of 6730 South Paulina to make an arrest,

16  is that correct?

17    A    Yes.

18    Q    At that time was the defendant placed under

19  arrest?

20    A    Yes.

21    Q    Detective, you stated that you don't recall

22  that you informed the defendant that he is not in any

23  trouble?

24    A    No, I did not.  That's not what I said.

11

1      Q      Did the defendant ever ask for an attorney?

2      A      No, not at that point.

3      MR. CHEVLIN:  Objection.

4      THE COURT:  I will allow that answer to stand.

5      MR. WALTON:  No further questions.

6      THE COURT:  Anything further?

7      MR. CHEVLIN:  No, your Honor.

8      THE COURT:  All right, officer.

9                  (Witness was excused.)

10          Mr. Walton, do you have any other further

11  witnesses?

12      MR. WALTON:  Detective Edward Farley.

13      MR. CHEVLIN:  He's not here.

14      MR. WALTON:  That was the main detective.

15      MR. CHEVLIN:  Detective Borbaly is here.

16      MR. WALTON:  Detective Borbaly only participated

17  in the line-up.  Detective Farley I would like to

18  cross-examine him on his investigation that he

19  investigated a criminal sexual assault had occurred.

20      MR. CHEVLIN:  Judge, perhaps the defendant can

21  make an offer of proof.

22          I believe that the defendant's offer of proof

23  would show that anything that Detective Farley -- at

24  least as it relates to his investigation.

12

1    THE COURT: Mr. Walton, do you want to make an

2  offer of proof what the testimony of Detective Farley

3  would bring forth?

4    MR. WALTON: Your Honor, any other officer would

5  be relevant to the facts because there's no

6  investigation showing that Detective Borbaly never

7  investigated the facts of the case. Then you have one

8  officer stated that Detective Edward Farley had

9  directed him to the location to make an arrest. So his

10 testimony here would be relevant to the facts of this

11 case, your Honor.

12    THE COURT: State.

13    MR. CHEVLIN: Judge, all I can say Detective

14 Farley is not here. If you are inclined to grant a

15 continuance, our position is it's not relevant. I

16 think your Honor has enough information based on

17 Detective Flowers' testimony to determine whether or

18 not he was reasonable in his actions in placing the

19 defendant under arrest. I really don't know what else

20 to add other than Detective Farley is not here.

21    MR. WALTON: Your Honor, the defense would like to

22 ask for a continuance to allow Detective Edward Farley

23 present because his testimony will be relevant to this

24 motion because he claims when he went to the grand jury

1  indictment, that he investigated this case and that it
2  was directed to him upon his investigation; that he
3  acquired a CODIS hit from the DNA sex offender data
4  base.

5      He only directed the officer who was on the
6  stand as a mission team to pick up the defendant. By
7  the time, your Honor, he's testifying in which he did
8  not place the defendant under arrest. If I had known
9  he was going to --

10     THE COURT: The detective here today said he
11  placed you under arrest at 6730 South Paulina.

12     MR. WALTON: No, he didn't. I have proof I was
13  talking to my mother where he said that the defendant
14  was not in any trouble. They are picking up all sex
15  offenders. But at this time I don't have a mother here
16  present to even testify on my behalf in which my basic
17  argument will be directed to the detective who
18  allegedly investigated this matter.

19     The officer on the stand only has testified
20  that he's from the mission team.

21     THE COURT: Well, he stated what his probable
22  cause was to place you under arrest.

23     MR. WALTON: He never placed the defendant under
24  arrest, and that's my argument.

14

1     Now Detective Farley he claims that through a

2   sworn affidavit to the grand jury that he was the

3   investigating detective and that there was a CODIS hit

4   with the defendant's DNA, and I would like for this

5   Court to grant a continuance to have him to testify in

6   open court to his statements to have probable cause.

7   Without his testimony that would only be hearsay.

8       THE COURT: Motion to quash to arrest hearsay is

9   allowed. It's a trial where hearsay isn't allowed.

10      MR. WALTON: But at this time, your Honor, the

11  defense is being prejudiced without having Detective

12  Edward Farley present to hear this motion. That's who

13  I asked for when I represented in my motion, Detective

14  Edward Farley, not Anthony Flowers.

15      THE COURT: Anthony Flowers is the arresting

16  officer. He's probably the most important person.

17      MR. WALTON: He never arrested the defendant.

18      THE COURT: That's what you're saying.

19      MR. WALTON: That's what I know.

20      THE COURT: You were never arrested in this case?

21      MR. WALTON: No.

22      THE COURT: What are you doing in custody?

23      MR. WALTON: Your Honor, the officer came to the

24  location, asked was I Alonje Walton and I stated that I

1  was.  He told me you are not under arrest; never put me
2  in no handcuffs; never read me my Miranda rights.

3        THE COURT:  We're not in Miranda.  That's why you
4  need an attorney.  You are tossing all kind of things
5  out.

6        MR. WALTON:  It would be relevant to the fact that
7  he had placed me under arrest, which he never did.  He
8  asked me for my registration papers so he can get DNA
9  from me and that he would bring me back home, in which
10  I was talking to my mother.  She was hearing our
11  conversation, and I can prove that fact.

12        THE COURT:  You were taken from your home and
13  placed in the police station, and that's usually where
14  you are placed under arrest.

15        MR. WALTON:  That's true, your Honor.  He never
16  informed the defendant of his mission.  He only
17  informed the defendant that you are not under arrest.
18  We're picking up all sex offenders to get DNA.  I'm a
19  known sex offender and the officer is coming to my
20  location to arrest me, he has to state his mission.

21        THE COURT:  At this point the motion to quash
22  arrest and suppress evidence is denied.  He doesn't
23  have to state his mission.  He said he placed you under
24  arrest by information he received from other officers

16

1  that DNA matched DNA from a previous aggravated

2  criminal sexual assault, and he had probable cause to

3  place you under arrest.  The motion will be denied.

4          Do you have any further motions you wish to

5  file?

6      MR. WALTON:  I will be asking for a 30 day

7  continuance because I would be appealing your decision,

8  your Honor.

9      THE COURT:  You can -- the state may appeal

10 motions.  The defense cannot proceed to trial and file

11 an appeal.  You can't appeal interlocutory motions.  So

12 if you have a different motion besides that, I will

13 allow to you file that.  If you want, I will set it for

14 30 days if you have any motions filed.  At that point

15 it will be set for trial.

16     MR. WALTON:  Your Honor, at this time I'm being

17 deprived of my constitutional rights.  I'm being

18 deprived of a fair hearing because I'm representing

19 myself.  And due to that fact, your Honor, I would like

20 to withdraw my plea of pro se and exercise my 6th

21 Amendment right to have counsel present.  I'm not going

22 to have a fair trial.

23     THE COURT:  At this point I'm going to hold it

24 until tomorrow.  I will appoint the public defender.

MR. WALTON:  Thank you.


                    (A continuance was taken to 8/19/04.)

"Exhibit" C

# THE CURRENT HARD CARD ON FILE FOR SOR# 14500125

PHOTO ON FILE JUN 2000

(CIRCLE ONE)
Juvenile Delinquent
Sexual Predator
Sexually Dangerous/Violent
~~Sex Offender~~

SCANNED
06JAN03

## ILLINOIS SEX OFFENDER REGISTRATION ACT

### Registration Form

(Photo Required)  Registration Type: ANNUAL RENEWAL  SOR No.: 14500125

| Name WALTON | ALONZE | | DOB | Sex | Race |
|---|---|---|---|---|---|
| Last | First | Middle | 18-OCT-1972 | MALE | BLACK |
| Hgt: 507 | Weight: 142 | Eye: BROWN | Hair: BLACK | Complexion: LIGHT | |

Scars/Marks/Tattoos :

Alias :

Identity :

| Driver's License No. | State | Expiration Date | SSN: 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 | Place of Birth ILLINOIS |
|---|---|---|---|---|
| IDOC No.: K82099 | FBI No.: 64529PA3 | | SID No.: 29723420 | CHGO IR No.: 935508 |

County/State of Conviction: COOK/IL   Court Case No :

| Sentence : 4 YRS | Victim Under 18 Years YES Age: 16 | Date of Conviction : 28-MAY-2000  (Confinement Only) |
|---|---|---|
| | | Date of Release : 26-MAY-2000 |
| | | Expiration Date : 26-MAY-2010 |

Offense-Statute-Citation : CSA - AGG CRIM SEX ABUSE - VICTIM 13-16  720 ILCS 5.0/12-16-C-1-II

| Local Jurisdiction : CHICAGO/COOK | | Probation/Parole Office : DISCHARGED |
|---|---|---|
| Vehicle Type : | Make : | Model : | Year : |
| Top Color : | Bottom Color : | License # : | State : |

| Address Where Offender Will Reside | Address Source : APT LEASE | | |
|---|---|---|---|
| 6730  S PAULINA ST | 2R | CHICAGO | ILLINOIS |
| St # Street Name | Apt # | City | State | Zip Code |
| Phone #: 773-955-4733 | County : | PoliceArea : 1 | Beat : 7 25 |

| Employment: BRANCH ENTERPRISE | 10539 CORLISS AV | CHICAGO | IL | 60628 | 01-DEC-2002 |
|---|---|---|---|---|---|
| Information  Employer's Name | Street No/Street Name | City Name | State/Zip | | Date Employed |

Duty to Register.  Read Following to Offender and Offender Must Initial Each

AW  Failure to comply with the provisions of the Sex Offender Registration Act or to willfully provide false information is a class 4 Felony. Failure to comply with any provisions of the Act mandates revocation of probation, mandatory supervised release, parole, or conditional release. The term of registration will be administratively extended by the Illinois State Police 10 years for failure to comply with any provisions of the Act.

AW  You must register within 10 days of conviction when sentenced to probation or upon release, parole or discharged from prison or mental hospital for a period of 10 years. You must register, in person, with the police department, or if none, the sheriff's office having jurisdiction where you reside.

AW  You must, within 10 days of changing your address, report your new address, in writing with the law enforcement agency with whom you last registered. You must, within 10 days of changing your address, register in person, with the police department or if none, the sheriff's office having jurisdiction at your new address. Temporary absences of more than 10 days in a calendar year require you to register your new address.

AW  If you are employed or attend school outside of Illinois, you must also register with the state. Registration is required within 10 days of gaining employment or attending school. You must register your employment and any changes of employment, in writing, with the agency of jurisdiction of your residence.

AW  If you move to another state, you must register with the state within 10 days. You must also notify the agency with whom you last registered, within 10 days, in writing, of your new address.

AW  You must renew your registration, in person, with the law enforcement agency having jurisdiction, within one year from the date of your recent registration until your expungement date.

AW  Any offender with a finding or an adjudication as a sexually dangerous person or as a sexually violent person is required to report in person to the law enforcement agency having jurisdiction within 90 days of their initial registration and every 90 days thereafter for the period of their natural life. Any person identified as a sexual predator must register every year for period of their natural life.

I have read and/or had read to me the above requirements. It has been explained to me and I understand my duty to register and that failure to do so is a criminal offense.

X _Alonze Walton_
Signature of Registrant   Date  06-JAN-2003

One Copy To:
Sex Offender

Retain Original For
Your File

For Additional Information:
Illinois State Police, SOR Team
400 Iles Park Place, Suite 140
Springfield, Illinois 62718-1004
(217) 785-0635

| SOLONIS | KARADJIAS | 16984 |
|---|---|---|
| Registering Official Name | | Star No. |

CHICAGO POLICE DEPARTMENT
Registering Agency

| 3510  S  MICHIGAN AVE | 312-745-5075 |
|---|---|
| Address | Telephone No |
| CHICAGO | ILLINOIS  60653 |
| (City, County, State, Zip) | |

06-JAN-2003
Registering Official Signature   Date

IL 493-0765

Exhibit
"(D)"

## ILLINOIS STATE POLICE
### Division of Forensic Services
Forensic Science Center at Chicago
1941 West Roosevelt
Chicago, Illinois 60608-1229
(312) 433-8000 (Voice) * 1-(800) 255-3323 (TDD)

George H. Ryan
*Governor*

September 14, 2000

Sam W. Nolen
*Director*

DET. C. MORGAN & DET. J. SCANLON
CHICAGO POLICE DEPARTMENT UNIT 610
DETECTIVE DIVISION, AREA 1
5101 SOUTH WENTWORTH
CHICAGO IL 60609

no PP

Laboratory Case #C00-011779
RD #B0059955
SUPPLEMENTAL REPORT

OFFENSE:   Sexual Assault
VICTIM:    Ladonna Beck

The following evidence was received by the Forensic Science Center at Chicago on March 10, 2000:
**Inventory# 1742600**

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 1B1 | Vaginal swabs |

### RESULTS
A mixture of DNA profiles was identified in Exhibit 1B1. A male DNA profile was identified in Exhibit
1B1 at the D3S1358, vWA, FGA, D8S1179, D21S11, D18S51, D5S818, D13S317, D7S820, D16S539,
TPOX, CSF1PO and Amelogenin loci - please refer to my laboratory report dated August 8, 2000. This
profile has been searched against the convicted offender databases of the DNA Index. The search detected
a match to the following individual which indicates that he may be the donor of the biological material
identified: Alonje Walton, ID # B22748 10-15-72

This profile was also searched against the casework databases of the DNA index. The search did not
detect a profile consistent with the profile in this case.

A DNA profile was also identified in Exhibit 1B1 which matches the DNA profile of Ladonna Beck.

### CONCLUSIONS
The questioned profile from Exhibit 1B1 has been included in the casework database of the DNA Index
and will continue to be compared to other profiles. You will be notified if a consistent profile is detected.

### REQUESTS
An additional blood standard from Alonje Walton will be necessary for confirmatory forensic analysis.
Please submit all appropriate blood standards to the Chicago Police Department Division of Forensic
Services.

For results of previous biological examinations, please refer to my laboratory report and the laboratory
report by Forensic Scientist Greg DiDomenic from the Forensic Science Center at Chicago.

# FILE COPY

ILLINOIS STATE POLICE
Division of Forensic Services
Forensic Science Center at Chicago
1941 West Roosevelt Road
Chicago, Illinois 60608-1229
(312) 433-8000 (Voice) * 1-(800) 255-3323 (TDD)

Exhibit
" E "

Rod R. Blagojevich
*Governor*

March 11, 2004

Larry G. Trent
*Director*

DET. C. MORGAN & DET. J. SCANLON
CHICAGO POLICE DEPARTMENT UNIT 610
DETECTIVE DIVISION, AREA 1
5101 SOUTH WENTWORTH
CHICAGO IL 60609

Laboratory Case #C00-011779
RD #B0059955

OFFENSE: Sexual Assault
SUSPECT: Alonje Walton
VICTIM: Ladonna Beck

The following evidence was received by the Forensic Science Center at Chicago on September 23, 2003:
**Inventory# 10203371**

| EXHIBIT | DESCRIPTION |
|---|---|
| 2A | Buccal swab standard from Alonje Walton |

## RESULTS

DNA from Exhibit 2A was amplified using the Polymerase Chain Reaction (PCR) and profiled at the following loci: D3S1358, vWA, FGA, D8S1179, D21S11, D18S51, D5S818, D13S317, D7S820, D16S539, TH01, TPOX, CSF1PO and Amelogenin.

Exhibit 2A was compared to the human male DNA profile previously identified in Exhibits 1B1 and 1D1 (vaginal and rectal swabs from Ladonna Beck). Please see the laboratory report by Forensic Scientist Mary Margaret Greer-Ritzheimer dated August 8, 2000 for results of previous DNA analysis.

A human male DNA profile was previously identified in Exhibit 1B1 and Alonje Walton cannot be excluded from contributing to this profile. Approximately 1 in 17 trillion Black, 1 in 96 trillion White or 1 in 62 trillion Hispanic unrelated individuals cannot be excluded as having contributed to this profile at the D3S1358, vWA, FGA, D8S1179, D21S11, D18S51, D5S818, D13S317, D7S820, D16S539, TPOX and CSF1PO loci.

A human male DNA profile was previously identified in Exhibit 1D1 at the D3S1358, vWA, FGA, D8S1179, D21S11, D18S51, D5S818 and Amelogenin loci and Alonje Walton cannot be excluded from contributing to this profile. Approximately 1 in 78 million Black, 1 in 280 million White or 1 in 480 million Hispanic unrelated individuals cannot be excluded as having contributed to this profile.

**RESULTS** (continued)
See attached table for summary of observed alleles.

**CONCLUSIONS**
Alonje Walton cannot be excluded as having contributed to the male DNA profiles identified in Exhibits 1B1 and 1D1.

The DNA profile identified in Exhibit 2A has been included in the casework database of the DNA Index and will continue to be compared to other profiles.  You will be notified if a consistent profile is detected.

**REQUESTS**
For results of previous biological examinations, please refer to my laboratory report and the laboratory reports by Forensic Scientist Greg A. DiDomenic and Mary Margaret Greer-Ritzheimer from the Forensic Science Center at Chicago.

If you have any questions regarding this report, please feel free to contact me.

**EVIDENCE DISPOSITION**
DNA evidence will be maintained in the laboratory evidence vault until such time as the case has been adjudicated or the evidence is required by the agency.

Respectfully submitted,

*Karri Broaddus*

Karri Broaddus
Forensic Scientist

Attachment

cc: CHIEF, DET. DIV. CRIME ANALYSIS UNIT 601
    ASA ANDREW WEISBERG ROOM 1028 COOK COUNTY STATES ATTORNEY
    CHICAGO POLICE DEPARTMENT UNIT 177

STATE OF ILLINOIS )
) SS
COUNTY OF COOK )

**FILED**

APR 21 2005

DOROTHY BROWN
CLERK OF CIRCUIT COURT

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS, )
Plaintiff )
)
vs. ) 03CR-22081
)
ALONJE WALTON, )
Defendant )

## MOTION TO QUASH ARREST AND SUPPRESS EVIDENCE

**NOW COMES** the defendant, **ALONJE WALTON**, by his attorney **JEFFREY J. NESLUND**, and moves this Court to enter an order quashing the defendant's arrest and suppressing all evidence following that arrest. In support of said motion, the Defendant states as follows:

1. That defendant was arrested by the Chicago Police on September 18, 2003, at 6730 S. Paulina, 2nd floor rear apartment, in Chicago, Illinois for the Aggravated Criminal Sexual Assault of LaDonna Beck, which occurred on January 28, 1997.

2. That the search of defendant and his arrest were without probable cause and without a warrant.

3. That the defendant was not in violation of any law at the time of said arrest.

4. The arrest of the Defendant was based on CODIS DNA "hit" by the Illinois State Police (ISP) crime lab and characterized as a "match" by the Detective Edward Farley of the Chicago Police Department.

5. However, the actual report dated September 14, 2000, ISP forensic scientist Mary Greer-Ritzheimer states that the Defendant "*may*" be the donor of the biological material identified in the vaginal swabs of Ms. Beck's CSA kit. The ISP report specifically requests that an "***additional blood standard***" from the Defendant "***will be necessary for confirmatory analysis***." (emphasis added).

6. That such a preliminary report from the ISP is insufficient to establish probable cause for the Defendant's arrest. And the seizure of a buccal swab, if initiated moreover, the defendant Detective Officer Edward Farley, intin the court proceedings by stating not at the grand jury that his investigation Furthersho that his investigation.

7. That following the illegal arrest, the Defendant was placed in a line-up and provided an additional buccal swab for DNA analysis.

8. That the arrest, search and seizure described above were illegal, and were without probable cause or reasonable suspicion that defendant had violated the law and were in violation of defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and the Illinois Constitution (1970), Article II, Section 2, 6, 9, and 10.

**WHEREFORE,** the defendant prays that this Court enter an order quashing defendant's arrest and suppressing all evidence regarding the line-up and buccal swab following said illegal arrest, search and seizure including all testimony derived therefrom.

_____
Attorney for Defendant

JEFFREY J. NESLUND
ATTORNEY FOR DEFENDANT
150 N. WACKER DR-. SUITE 2460
CHICAGO, IL 60606
(312)223-1100
ATTORNEY NO: 41155

# ARREST REPORT
CPD-11.420(REV. 6/92)

| 1. NAME (LAST - FIRST - MIDDLE) | | 2.SEX | 3.RACE | 4. AGE | 5. DATE OF BIRTH DAY MONTH YEAR |
|---|---|---|---|---|---|
| WALTON | Alonje | M | 1 | 30 | 18 Oct 72 |

| 6.C.B. NO. | 7. ALIAS OR NICKNAME | 8. DIST./RES. | 9. HEIGHT | 10.WEIGHT | 11. HAIR | 12. HAIR STYLE | 13. EYES | 14.COMPLEXION |
|---|---|---|---|---|---|---|---|---|
| 33 87 906 | | 007 | 507 | 142 | Blk | short | Brn | Med |

| 15. I.R. NO. | 16. RESIDENCE ADDRESS | APT. NO./FLOOR | 17. DISTING. MARKS, SCARS, DISABILITIES, ETC | 18.SOCIAL SECURITY NO. |
|---|---|---|---|---|
| 935508 | | 2R | tatoo-chest | 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 |

| 19. Y.D. NO. | 16A. CITY - STATE | ZIP CODE | HOME TELEPHONE | 20. STATE/PLACE OF BIRTH | 21. DRIVERS LICENSE NO. STATE |
|---|---|---|---|---|---|
| | Chicago, Il | 606 | 773 | IL | |

| 22. RD NO. | 23. OCCUPATION | 24. BUSINESS NAME - ADDRESS | | | BUSINESS TELEPHONE |
|---|---|---|---|---|---|
| B-059955 | none | | CITY - STATE | ZIP CODE | ( ) |

| 25. ADDRESS OF ARREST | 26. NO. ARRESTED | 27. LOCATION CODE FOR NATURE OF PREMISES | 28 BEAT OF ARREST | 29. DATE OF ARREST DAY MONTH | TIME | 30. ARRESTEE TRANSPORTED TO FROM |
|---|---|---|---|---|---|---|
| 6730 S Paulina | 1 | 290 | 726 | 18 Sep 03 | 1030 | 610 5193 104S |

| 31. RESISTED ARREST | 32. WEAPON | | | | | 33. PROPERTY INVENTORY NO(S) | 34. FOR NARCOTIC ARREST | APPROX WT. NO. PKLS | EST. STREET VALUE CALL ORG CRIME |
|---|---|---|---|---|---|---|---|---|---|
| YES NO | PISTOL REVOLVER | RIFLE SHOT-GUN | KNIFE | OTHER (SPECIFY) | | 1742600 | SUSPECT CANNABIS SUSPECT CONTROLLED SUBSTANCE | | X 0-662 S A |

| 35. VEHICLE | YEAR | MAKE | MODEL | BODY-STYLE | COLOR | STATE LICENSE NO. OR V.I.N. | DISPOSITION OF VEHICLE |
|---|---|---|---|---|---|---|---|
| ARRESTEE | D | | N | | A | | |

| 36. PERSON IN INVESTIGATIVE UNIT NOTIFIED | UNIT NOTIFIED | TIME | 37 DOES ARRESTEE HAVE DEPENDENT CHILDREN AT HOME | IF YES - NAME OF Y D MEMBER NOTIFIED- TIME | 38.NAME OF A.S.A. ASA | REV. CHARGES APPROVED YES NO | TIME |
|---|---|---|---|---|---|---|---|
| Farley # 20643 | 610 | 1773 | YES NO | | N. Miller M. | X | 1430 |

| 39. VICTIM/ COMPLAIN-ANT | NAME | SEX | RACE | AGE | HOME ADDRESS | CITY - STATE | ZIP CODE | TELEPHONE NO. |
|---|---|---|---|---|---|---|---|---|
| | LaDonna Beck | F | 1 | 24 | | Chicago, Il | | |

| VICTIM INJURED | IF YES - DESCRIBE INJURIES | VICTIM HOSPITALIZED | HOSPITAL NAME |
|---|---|---|---|
| YES NO | | YES NO XX TREATED & RELEASED | JAckson Park Hospital |

| 40. REFERENCES (CH. - PAR.) | 41.OFFENSES | 42. DISPOSITIONS | 40. REFERENCES (CH. - PAR.) | 41.OFFENSES | DISPOSITIONS |
|---|---|---|---|---|---|
| 720ILCS5/12-14(a)(1) | AGG CRIM SEX ASSAULT | | 5 | EX h | |
| | | | 6 | | |
| | | | 7 | | |
| | | | 8 | | |

**NARRATIVE** (The facts for probable cause to arrest AND to substantiate the charges include, but are not limited to, the following:)

ISP LAB HIT # 111    THIS IS AN ARREST BY THE AREA ONE ALTERNATIVE LIFESTYLE TASK FORCE

The above subject was placed under arrest for AGGRAVATED CRIMINAL SEXUAL ASSAULT in that he was positively identified in a line up and through DNA CODISS Testing as the person that sexually assaulted LaDonna Beck, while displaying a handgun, by putting his penis into the vagina of LaDonna Beck.

ASSISTING PERSONNEL:   P.O. Anthony Flowers # 11981
                       P.O. Frank Casale # 8976
                       Sgt. Anthony Kuta # 1811

I do solemnly, sincerely, and truly declare and affirm that the facts stated herein are accurate to the best of my knowledge.

| 43. ARRESTING/APPEARING OFFICER'S SIGNATURE | STAR NO. | UNIT | DEPUTY CLERK'S SIGNATURE | STAR/EMPL NO. |
|---|---|---|---|---|
| (sgt.) E. Farley | 20643 | 610 | D Blown P.O. D | 9781 |

| 44. ARRESTING/APPEARING OFFICER - PRINT NAME - STAR NO. | BEAT NO. 5118 | FUR/O 11a | D.O. GRP. S/M | MISD./ORD. CR DNA | 45. SECOND ARRESTING OFFICER - PRINT NAME - STAR NO. | UNIT | 46. VEHICLE ASSIGNED ONE TWO 3 PO PPO OTHER |
|---|---|---|---|---|---|---|---|
| 47. APPROVED BY (PROBABLE CAUSE) # 20140 | | | | | Def. G. Elizondo # 21153 610 | | |

| 48. RESULTS OF F.INGERPR'D CHECK WAIVED BY-SIG. STAR | DATE | TIME | 49. APPROVAL OF CHARGES BY - STAR | DATE | TIME |
|---|---|---|---|---|---|

COMMANDER'S NOTATIONS

| ARRESTEE SEARCHED BY | STAR/EMPL NO | UNIT | 51. DATE RECEIVED - LOCKUP | TIME | 52. PERS. PROPERTY RECEIPT NO | 53. TELEPHONE NO. CALLED | TIME |
|---|---|---|---|---|---|---|---|
| ANG | 302001 | | 18 Sep 03 | 2020 | P/B | | |

| LOCKUP KEEPER | STAR/EMPL NO. | UNIT | 55. TIME FINGERPRINTED | 56. TIME PHOTOGRAPHED | 57. TIME FED | 58. PLACED IN CELL NO. |
|---|---|---|---|---|---|---|
| | 9684 | 2 | 2025 | 2030 | 2035 | |

**COURT INFORMATION**

| OFF. DESIRED COURT DATE | BRANCH-CALL | 60 COURT SGT. TO HANDLE | 61. INITIAL COURT DATE | BRANCH-CALL | 62. FINAL CRT. DATE | BRANCH | CALL |
|---|---|---|---|---|---|---|---|
| 27 9 Sep 2003 | Br 66 | YES NO | 20 SEP 03 | 01 | | | |

| DECIDED - DATE | TIME | 64 BOND RECEIPT NO. | 65. COURT DOCKET NO. | FINAL JUDGES NAME |
|---|---|---|---|---|
| | | | 20SEP03 01 | |

COURT SERGEANT                                          3142469

# CASE SUPPLEMENTARY REPORT

3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police - Bureau of Investigative Services Personnel Only)

**B059955**

Case Id : 2950345
Sup ID : 2653739 CASR301

## CLEARED CLOSED (ARREST AND PROSECUTION)    DETECTIVE SUP. APPROVAL COMPLETE

| Last Offense Classification/Re-Classification | IUCR Code | Original Offense Classification | IUCR Code |
|---|---|---|---|
| CRIM SEXUAL ASSAULT / Aggravated: Handgun | 0261 | CRIM SEXUAL ASSAULT / Aggravated: Handgun | 0261 |

| Address of Occurrence | Beat of Occur | No of Victims | No of Offenders | No of Arrested | SCR No |
|---|---|---|---|---|---|
| 7301 S HARVARD AVE | 731 | 1 | | 1 | |

| Location Type | Location Code | Secondary Location | Hate Crime? |
|---|---|---|---|
| Abandoned Building | 096 | | NO |

| Date of Occurrence | Unit Assigned | Date RO Arrived | Fire Related? | Gang Related? | Domestic Related? |
|---|---|---|---|---|---|
| 28-JAN-1997 18:30 | 0633 | 28-JAN-1997 20:45 | NO | NO | NO |

| Reporting Officer | Star No | Approving Supervisor | Star No | Primary Detective Assigned | Star No |
|---|---|---|---|---|---|
| FARLEY, Edward | 14616 | KUTA, Anthony | 1811 | FARLEY, Edward | 20643 |
| Date Submitted | | Date Approved | | Assignment Type | |
| 20-SEP-2003 11:31 | | 20-SEP-2003 11:31 | | FIELD | |

## THIS IS A FIELD INVESTIGATION CLEARED CLOSED (ARREST AND PROSECUTION) REPORT

**VICTIM(S) :**

**BECK, Ladonna**

**TYPE: Individual**

DOB:

RES:

Chicago IL

BIRTH PL: Illinois

EMPLOYMENT:

SSN:

"exhibits"
F

**OFFENDER(S):**

**WALTON, Alonje**

-- In Custody --

Male / Black / 30 Years

DOB: 18-OCT-1972

RES: 6730 S Paulina St
Chicago IL
773-476-9051

BIRTH PL: Illinois

DESCRIPTION: 5'07,142,Black Hair, Short Hair Style, Brown Eyes, Medium Complexion

SCAR MARKS: Stitches Scar on Left Wrist

OCCUPATION: None

SSN: 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

IR #: 935508        CB #: 15587906

SID #: IL29723420    FBI #: 64529PA3

ADDITIONAL INFO. : Sor# 14500125

**VICTIM INJURIES**

**BECK, Ladonna**

| Type | Weapon Used |
|---|---|
| None Visible | Handgun |
| Injured by Offender | |

**Weapon Description**
Other - Blue Steel

HOSPITAL: Jackson Park
The Hospital Requested a Csa Kit

*"Exhibits"*

**TRANSPORTED TO:**

**BECK, Ladonna**

( Victim )

Transported to Jackson Park

**OTHER PROPERTY :**

INV #: 1742600
1 Sealed Csa Evidence Collection Kit .

INV #: 10203371/477
One Sealed Buccal Swab Test

POSSESSOR/USER: Alonje Walton

INV #: 10203449/610
1 Consent To Buccal Swab Form

POSSESSOR/USER: Signed By Alonje Walton

*get Hospital Record Look at Inventory number*

**LOCATION OF INCIDENT:**

7301 S Harvard Ave
Chicago IL
096 - Abandoned Building

**DATE & TIME OF INCIDENT:**

28-JAN-1997 18:30

**METHOD CODE(S):**

DNA

**CAU CODE(S):**

Rape Incident

**PERSONNEL ASSIGNED:**

**Assisting Detective/Youth Inv.**

| BORBELY, Anthony W | # 20110 |
|---|---|
| ELIZONDO, Gilberto J | # 21153 |

**Assisting Officer**

| FLOWERS, Anthony | # 11981 |
|---|---|
| CASALE JR, Frank J | # 8976 |

**Case Supervisor On Scene**

| KUTA, Anthony W | # 1811 |
|---|---|

**Detective/Youth Investigator**

| FARLEY, Edward T | # 20643 |
|---|---|

**Reporting Officer**

| HINES, Jeremiah L | # 17230 | BEAT: 0633 |
|---|---|---|
| ANDERSON, Keith B | # 9457 | BEAT: 0633 |

**WITNESS(ES) :**

**EVANS, Shelly**

BIRTH PL: Illinois

RES:
Chicago IL

EMPLOYMENT:

**CRIME CODE SUMMARY:**     0261 - Crim Sexual Assault - Aggravated: Handgun

**IUCR ASSOCIATIONS:**     0261 - Crim Sexual Assault - Aggravated: Handgun

                       BECK, Ladonna               ( Victim )

                       WALTON, Alonje             ( Offender )

**ASSOCIATED ARRESTS:**     15587906            "Exhibits"

**REPORT DISTRIBUTIONS:**     No Distribution

---

**INVESTIGATION:**

THIS IS AN AREA 1 FIELD INVESTIGATION CLEARED CLOSED BY ARREST AND PROSECUTION REPORT

VICTIM:
BECK, LaDonna ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓

IN CUSTODY:
WALTON, Alonje    M/1/30    18 Oct 1972    SS# 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
6730 S Paulina    2R    SOR# 14500125
IR# 935508
CB# 15587-906

ARRESTING OFFICERS:
P.O. A. Flowers # 11981
P.O. F. Casale # 8976
Det. E. Farley # 20643
Det. A. Borbely # 20110
Det. G. Elizondo # 21153

DATE, TIME, LOC. OF ARREST:
18 Sep 2003, 1030 hrs at 6730 S Paulina

CHARGES, CT. BR., DATE:
AGGRAVATED CRIMINAL SEXUAL ASSAULT
720 ILCS 5/12-14(1)(a)
Br 66
22 Sep 2003

*False testimony*

INJURIES:
bruises to the body

TAKEN TO:
Jackson Park Hospital

WEAPON:
blue steel handgun (displayed)

*Pg. 6 OF 6*

*"Exhibits"*

LOCATION:
7301 S Harvard
abandoned building

DATE & TIME:
28 Jan 1997 at 1830 hrs

WEATHER & LIGHTING:
Clear, cold
Artificial overhead alley lighting

MANNER/MOTIVE:
sexual assault/sexual gratification

EVIDENCE:
INV# 1742600
one sealed CSA Evidence kit
INV# 10203371
one sealed buccal swab test
INV# 10203449
buccal swab consent form

PERSONNEL ASSIGNED:
Det. E. Farley # 20643

WITNESSES:
EVANS, Shelly 

OUTCRY

INTERVIEWED:
See WITNESS category for information

INVESTIGATION:

R/D learned of a CODIS DNA HIT, referred to as Hit # 111, by the ISP. The information stated the DNA profile of Alonje WALTON matched the DNA profile obtained from a vaginal swab contained in a CSA kit obtained from the victim, LaDonna Beck.

R/D contacted La Donna Beck and informed her of a suspect in this crime and La Donna Beck stated she wanted to prosecute this case. R/D learned the person identified by the ISP DNA CODIS hit is Alonje Walton. The records indicate WALTON is a registered sex offender. The SOR# on file is 14500125.

LaDonna Beck was interviewed and related the following in summary.

LaDonna BECK....stated she left her home to go to the store when she was approached by an unknown Male Black. BECK said this person put a blue steel hand gun to her face and told her "keep walking, bitch. If you say anything I'll kill you." BECK went on to say the offender then forced her to an abandoned building located at 7301 S Harvard.

Important
But she is she put her
BECK said the offender began to grope at her through her clothing and then he began to grind his pelvic area against her and stated, "Fuck me back, bitch." BECK then said the offender then unfastened her pants and told her to lay down. BECK said the offender unzipped his pants and then pulled her pants down. BECK went on to say the offender then put his penis into her vagina. BECK said she thought the offender had ejaculated inside of her. BECK stated when the offender had finished he told her, "Get up slow and pull your pants up." BECK said she complied and then said the offender said, "Don't tell nobody, I'm going to follow you wherever you go." The offender fled the area.

Important also

BECK said she then went to her home and got a ride to the home of her friend, Shelly EVANS. BECK said she was scared and EVANS advised her to contact the police. The police were called and responded to EVAN'S home. The police subsequently took BECK to Jackson Park Hospital where she was treated. A CSA kit was prepared at that time. This evidence was turned over to the Chicago Police Department and inventoried under # 1742600. This evidence was sent to the ISP CRIME LAB for testing.

On 18 Sep 2003, members of the Area One Mission Team located Alonje WALTON and placed him under arrest. WALTON was then transported into Area One. WALTON was advised of his Miranda warnings by Detective Farley and stated he understood them and wanted to talk with the R/D. R/D told WALTON the circumstances of his arrest and WALTON stated, " I never raped no one." R/D explained to WALTON when this event occurred and WALTON stated," I was in a wheel chair back then because of a car accident." WALTON then asked if this arrest was the result of a pending lawsuit he has against the IDOC. WALTON was assured he arrested based on the facts of the case. WALTON then agreed to provide a buccal swab sample. This sample was obtained by ET D. Ryan # 7636.

A lineup was conducted in Area One and Alonje WALTON was positively identified by the victim as the person that sexually assaulted her. The details of this lineup are contained in a separate report.

WALTON asked R/D if he was picked out of the line up and when he was told he identified, WALTON stated he didn't want to talk to R/D anymore and wanted his lawyer.

2 - ASA
The Felony Review Unit was then contacted and ASA Maureen Lynch reviewed the facts of the case. ASA Lynch interviewed the victim who related essentially the same account of facts as related to R/D. ASA Lynch then handed over this case to her relief, ASA Tasha Kelly. R/D and ASA Kelly went to the home of Shelly Evans' mother to locate the outcry witness, Shelly Evans. No one was home at this time and the case was C/T'd pending the interview of the outcry witness.

R/D located the outcry witness, Shelly Evans on 19 Sep 2003 and brought her to Area One to be interviewed. Shelly Evans related the following in summary.

Shelly EVANS...stated she has known the victim, LaDonna Beck for approximately 10 years. EVANS said they met at Hubbard High School while attending school. EVANS stated she has not been in contact with BECK for about three or four years. When asked about this incident, EVANS said she remembers LaDonna coming over to her house and remembers it being cold outside.

EVANS answered the door and saw LaDonna standing there with very red eyes. EVANS invited LaDonna inside and asked LaDonna what was wrong. EVANS said LaDonna told her she was raped. EVANS said LaDonna was visibly shaken, her hair was messed up, her pants and jacket had mud and snow all on one side. LaDonna related to EVANS essentially the same account of events as stated to R/D. EVANS said LaDonna was frightened and EVANS insisted to involve the police. The police arrived at EVANS' home and then they took her to Jackson Park Hospital.

ASA Nancy Wilder of the Sex Crimes Division of the State's Attorney's Office was notified and responded to Area One. ASA Wilder interviewed EVANS in regard to this incident. EVANS related the same account of events as given to R/D.

Upon reviewing the evidence and interviews of the victim and outcry witness, ASA Wilder approved the felony charge against Alonje WALTON on 19 Sep 2003 at 1430 hrs.

Based on this information, this case is classified as CLEARED CLOSED BY ARREST AND PROSECUTION.

Det. Edward Farley # 20643
Area One Detective Division

*[handwritten annotations]:*

*Shelly Evan testimony is based solely on hearsay.*

*hearsay*

*this was 6 years ago*

*there's NO complaint to substantial charges because the State did not file criminal charges until after the Assistance States attorney spoked with ap out cry witness, and the out cry witness testimony is only hearsay, because after the crime Had Happen the victim went to her friends House and told her what happen*

## VI.  Relief:

State briefly exactly what you want the court to do for you.  Make no legal arguments.
Cite no cases or statutes.

WHEREFORE, The Plaintiff Respectfully REQUEST that this Court: ① Award compensatory and Punitive Damages to plaintiff against the Defendants jointly and severally, ③ Award cost of his action to the Plaintiff - $6.5 million Dollars ② Award such other and further relief As this court may Deem Appropriate. ④ Award reasonable Attorney's Fee's and costs To The plaintiff on All Counts, Counts I through Counts VI of The Complaint. (The Plaintiff Hereby DEMANDS A Jury Trial)

### CERTIFICATION

By signing this Complaint, I certify that the facts stated in this
Complaint are true to the best of my knowledge, information
and belief. I understand that if this certification is not correct,
I may be subject to sanctions by the Court.

Signed this 26th day of July , 20 05

Alonje Walton Sr.
(Signature of plaintiff or plaintiffs)

ALONJE WALTON SR.
(Print name)

2003-007-0726
(I.D. Number)

P.O. BOX 089002 - DIV. 11 Ag
Chicago, IL. 60608
(Address)

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: **Walton Sr.** First Name: **Alonje**

ID #: **2003-0070726** Div.: **11** Living Unit: **Ag** Date: **07 / 26 / 05**

BRIEF SUMMARY OF THE COMPLAINT: On the above date 7/26/05, and time 9:00 a.m,
petitioner Alonje Walton, was being taken to use the law library, As required of usage
once a week designated day every Tuesday, because of petitioner status of Protective Custody.
petitioner alleges that Mr. Ivory Avers the law librarian, deprived petitioner of a right
to adequately use the law library, and its material to file court documents on a de-
sinated date. Petitioner also allege that he needed 6 copies of an Amended complaint
which was properly prepared to be forward to the U.S. district court at 219 S. Dear-
born, and four copies of the same Amended complaint to be forward to Defendant
Counsel at (corporation Counsels office 30 N. Lasalle St. suite 1400, chicago, Il.
60602, a total of 10 copies. Mr. Avers took it upon hisself to disregard my re-
quest and only make me 8 copies, but when I explained to mr. Avers that I
needed 10 copies and showed him my Defendants Name on my motion (Notice of
filing) he decided then to only give me 5 copies.

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT: 2005 SEE Next
1) _____ C004/743 / 2 _____ 00Cl- _____ Grievance fo
ACTION THAT YOU ARE REQUESTING: Grievance
To perform his Job Description as a law clerk! Pat 2

**DETAINEE SIGNATURE:** *Alonje Walton Sr*

C.R.W.'S SIGNATURE: _____ DATE C.R.W. RECEIVED: ___ / ___ / ___

---

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form.*
*All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: **Walton Sr.**     First Name: **ALONJE'**

ID #: **2063** - **0070726**   Div.: **11**   Living Unit: **Ag**   Date: **07 / 26 / 05**

BRIEF SUMMARY OF THE COMPLAINT: Cont. From part 1; I was Deprived of Adeq-
uent Usage of the LawLibrary to send out all my legal material, and
I will be nt Court the Next week, (Tuesday Aug. 2, 2005) HE
Just ignored my request. In His Deprivement, HE knowly and
willingly wanton made sure that I couldn't send this Legal mat-
erial out timely. I have Ask to speak with a white Shirt and
Sgt. Crosseou came and spoke with me saying, that he can Not
tell the law clerk To issue proper paper, To File A Grievance.

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:

ACTION THAT YOU ARE REQUESTING:

**DETAINEE SIGNATURE:** Alonji' Walton Sr.

C.R.W.'S SIGNATURE: _____    DATE C.R.W. RECEIVED: ___ / ___ / ___

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form.*
*All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)